*36 OPINION.
Sternhagen:
The statutory definition of a personal service corporation contains three elements, all of which must be present. First, the income must be ascribed primarily to the activities of the principal stockholder; second, such-principal owners or stockholders must be regularly engaged in the active conduct of the corporation’s affairs; and, third, the income of the corporation may not be materially produced by capital. It will be noted that each of these three *37 elements is so qualified as to require careful individual judgment in every case. The first element requires not that the income must be ascribable entirely to the' activities of the stockholders, but only that it shall be primarily so. In the second element the stockholders are not merely to be somewhat engaged in the corporation’s affairs, but they must be regularly and actively engaged in such affairs. And in the third element, if any capital is employed in the business., it may not be a material income-producing factor. These qualifying words, primarily, regularly and actively, and material, preclude any definitive classification. They make necessary the application of a flexible judgment, and since we are required by the statute to decide the question, it is our judgment which must be applied to the facts of each case which comes before us. No intensive rule can be laid down, and it is not surprising that the Commissioner’s administration of this section of the statute has been an extremely difficult task. The very statement of a rule, if rigidly adhered to, would defeat the letter and intendment of the Act.
Here we have an incorporated commercial school to consider. We are not called upon to decide whether all schools are within the definition, or even whether all commercial schools are so. The Commissioner has well said in A. R. R. 24 (C. B. 2, 16) that “ education and instruction are primarily and before all personal service and should be. so classified unless there are cogent reasons for a different classification.” But, however true this general statement may be, it does not follow that all corporations having to do with education and instruction are within the statutory classification. And this is a corporation which the Commissioner has said is on the other side of the line. We do not think so. We are of the opinion that all of the facts before us taken together constitute a personal service corporation.
Blaisdell and White are the guiding spirits in the school. Nothing takes place without their personal knowledge and supervision. For years before Hibbard’s death, Blaisdell had often and for long periods been in charge. So important is their function that when upon the death of Hibbard in 1917 the school was for sale the only offer which was received was expressly based upon the condition that Blaisdell and White should remain to conduct its affairs. When they refused the offer was withdrawn. That they are regularly engaged in the active conduct of the school is beyond question, and we think this is the primary factor in the success of the enterprise. Blaisdell, who although an interested witness was nevertheless a man whose statements are entitled to respect, stated that he felt sure that had they organized another school, the taxpayer corporation would have lasted only two years. We may perhaps take this statement with some reservation, but we nevertheless think from the evidence that the taxpayer would have been in a very serious situation if Blaisdell and White had quit. The fact that many teachers are employed to give instruction, while it shows that the income is not attributable solely to the activities of stockholders, does not prove that the stockholders are not the primary source of income.
We come then to the third necessary element — that capital is not a material income-producing factor. It is urged that since $70,000 *38 was originally invested in the corporation at the time of the purchase of the school in 1917, $40,000 of which was invested in good will, this makes the definition inapplicable. Furthermore, it is said that substantial amounts spent annually for advertising and salaries show that capital was a material income-producing factor. But it is not the existence of capital which is determinative. If it were so, the statute would be fruitless. For all business corporations have capital. It is only when capital is important in the production of income that the definition does not apply. The common case of the manufacturing corporation receiving its income from the sale of goods produced by its plant is clearly outside the classification. But school desks and blackboards do not produce income except remotely. Nor did the so-called good will of the school. Apparently here the good will was a composite of the school’s established name, its well-known location, and the reputation of Blaisdell and White. Of these, the last was clearly the most important; and thus we are brought again to the very personal aspect of the business. It is apparent that these men were absolutely essential to the success of the enterprise — so much so that their refusal to agree to continue to manage the school on salaries killed an offer for its purchase. The amounts expended annually for salaries and advertising are not capital. They are current expenses, and it is not to be assumed that in an income tax law Congress so loosely used the word capital as to confuse it in this definition with expense. This is especially clear in view of the parenthetical expression “ whether invested or borrowed,” which can hardly be assumed to refer to amounts paid for current salaries and advertising.
We conclude that the taxpayer was a personal service corporation during the period in question and was therefore not liable for the tax now asserted. The deficiency is disallowed.